UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

B.C., individually and on behalf of
C.C., a child with a disability,

                Plaintiff,

– *against* –

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

**OPINION & ORDER**

21-cv-2840 (ER)

RAMOS, D.J.:

       B.C., the parent of C.C., a minor with a disability, brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq., to secure attorneys' fees and costs following an impartial hearing officer's decision in her favor. On August 9, 2022 the Court issued an Opinion and Order that B.C. was entitled to a combined total of $22,988.16. Before the Court is New York City Department of Education's motion for reconsideration of that Order pursuant to Fed. R. Civ. P. 60(b) to recalculate fees, such that B.C. be denied any recovery for work performed after August 13, 2021, when B.C. was made an offer of $21,000. For the reasons set forth below, the motion is GRANTED.

I.    **BACKGROUND**

       The Court incorporates by reference the factual and procedural background set forth in the Opinion and Order (the "Order"). Doc. 41. Accordingly, the Court discusses only the background relevant to the instant motion. B.C. filed this complaint on April 2, 2021 in order to compel the Department of Education (the "DOE") to pay reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3). Doc. 1. On August 13, 2021, the DOE made B.C. a written offer of settlement ("Offer") of $21,000 in full satisfaction of all claims for attorneys' fees, costs, and expenses incurred in connection

with the underlying action and the federal action.  Doc. 32 ¶ 14.  B.C. did not accept the Offer.

In the Order the Court found that B.C.'s attorneys' fees were unreasonable and awarded the lawyers a rate of $300–420 per hour and the paralegals a rate of $125 an hour.  Doc. 41 at 7, 15.  The Court also found that B.C.'s firm billed more hours than what the Court would expect an attorney to reasonably spend on this case and made a reduction of 25 percent in the federal case and a 20 percent reduction in the underlying administrative action.  *Id.* at 16, 18–19.  The Court did not consider the Offer in the Order.

Thereafter, on August 12, 2022, the DOE requested a pre-motion conference, or in the alternative, for the Court to reconsider the Order only insofar as it made no reference to the Offer and rule that B.C. be denied any recovery for work performed after the date of the Offer.  Doc. 43.  DOE filed a letter on August 16, 2022, alerting the Court of a favorable decision in *N.A. v. N.Y.C. Dep't of Educ.*, 21-cv- 2643 (PGG)(SLC), in support of DOE's motion for reconsideration.  Doc. 45.  At the Court's direction, on August 16, 2022, B.C. responded to DOE's request, opposing on the grounds that there was substantial justification for rejecting the Offer.  Doc. 37 at 13.  On August 21, 2022, DOE notified the Court of an additional opinion supporting its position.  *See* Doc. 48; *see also* *T.A. v. N.Y.C. Dep't of Educ.*, 21-cv-7104 (GHW) (S.D.N.Y. Aug. 19, 2022).

B.C. appealed the Order and the Judgment awarding attorneys' fees and costs to the United States Court of Appeals for the Second Circuit on August 31, 2022.  Doc. 50.  On October 12, 2022, the case was remanded to the district court as per a case management order entered in *H.C., Individually, and on behalf of J.C. a child with a disability v. New York City Department of Education*, which provides that "appeals filed after May 24, 2022 that raise attorney fee issues will be held in abeyance or remanded to the district court for reconsideration in light of the Court of Appeals' determination of the tandem appeals."  Doc. 51.  Accordingly, the case was reopened.

2

## II.   STANDARD OF LAW

### A.  Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b)

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester County*, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). "Where the movant fails to show that any controlling

3

authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The "moving party bears the burden of proof." *Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### III. DISCUSSION

#### A. The Fee-Shifting Provision

DOE asks the Court to reconsider the Order only insofar as it makes no reference to the Offer in calculating the federal fees to which B.C. would be entitled. Doc. 43. The IDEA provides that attorneys' fees will not be awarded "for services performed subsequent to the time of a written offer of settlement to a parent if … the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." *See* 20 U.S.C. § 1415(i)(3)(D)(i).

DOE asserts that B.C. is prevented from obtaining fees for work performed after the date of DOE's Offer, August 13, 2021, as required by statute. The Court finds that DOE has demonstrated that the Court overlooked the Offer such that reconsideration is warranted. As DOE correctly points out, under the IDEA's fee-shifting provision, B.C. cannot recover fees for any hours or costs that her attorneys expended after August 13, 2021 unless the Court awards B.C. more than the DOE's Offer of $21,000.

By August 13, 2021, Plaintiff had generated a total of $1,195.50 in fees in connection with this federal action (applying the hourly rates and the 25 percent

reduction mandated in the Order). The fees in the underlying administrative proceeding totaled $15,415.60, for a grand total of $16,611.00 in fees on by August 13, 2021. This is $4,388.90 less than DOE's Offer of $21,000. In other words, were the case to have stopped on August 13, 2021, the Offer would have exceeded the amount B.C. was ultimately granted in attorneys' fees.

Accordingly, Plaintiff is not entitled to any fees for work performed after August 13, 2021. *See R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054 (JMF), 2022 WL 1239860, at *6 (S.D.N.Y. Apr. 27, 2022) (awarding no fees after date of DOE's settlement offer, which exceeded amount court awarded); *see also H.C. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 844 (JLC), 2021 WL 2471195, at *10–11 (S.D.N.Y. June 17, 2021) (declining to award any fees or costs incurred after the date of DOE's written offer because the plaintiffs were entitled to less in fees and costs).

When the Court applies the 25% reduction to the federal action only on the hours B.C.'s attorneys incurred before August 13, 2021 (*see* Doc. 36-1 at 5–10), at the reduced hourly rate, the recommended amount of attorneys' fees totals $1,195.50.

When this figure is combined with the recommended amount of fees for the underlying administrative proceeding, $15,415.60, the total is $16,611.11, which is $4,388.90 less than the Offer. Doc. 41 at 21. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(D)(i), the Court recommends that no attorneys' fees or costs incurred after August 13, 2021 be awarded.

## IV.  CONCLUSION

For the reasons set forth above, DOE's motion for reconsideration is GRANTED to the extent that the Court shall issue an amended Judgment with the recalculated recommended award of attorneys' fees and costs to deny any recovery for work performed after August 13, 2021.  The parties are directed to submit the calculation of attorneys' fees in the federal action prior to August 13, 2021 by March 15, 2023.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 43.

It is SO ORDERED.

Dated:   March 1, 2023
             New York, New York

                                                                EDGARDO RAMOS, U.S.D.J.