UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B.C., individually and on behalf of C.C., a child with a disability,<br><br>                                  Plaintiff,<br><br>                    *-against-*<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                  Defendant. | **<u>ORDER</u>**<br><br>21-cv-2840 (ER) |

<u>Ramos, D.J.:</u>

        B.C., the parent of C.C., a minor with a disability, commenced this action on April 2,

2021 in order to compel the New York City Department of Education ("DOE") to pay reasonable

attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3) due to her successful request that

C.C. be provided with a free appropriate public education ("FAPE").  Doc. 1.  B.C. filed a

motion for summary judgment on November 9, 2021.  Doc. 18.  On August 9, 2022, the Court

granted B.C.'s motion for attorneys' fees and costs with modifications to hourly rates, billable

hours, and expenses reported by the Cuddy Law Firm (the "Firm") for a combined total of

$22,988.16 (the "Order").  Doc. 41.  The Court found that:  (1) the rates the Firm sought were

unreasonable; (2) a reduction of 25% for the time spent on the federal action was reasonable; (3)

a reduction of 20% for the time spent on the underlying administrative action was reasonable; (4)

the Firm billed excessively in its travel hours; and (6) other costs such as printing, faxing,

lodging, meals, and mileage were either reduced or found to be unreasonable.  *Id.* at 7, 18–19.

On August 11, 2022, the Clerk of Court entered a judgment (the "Judgment") for an award of

$22,988.16, and the case was closed.  Doc. 42.

On August 12, 2022, DOE requested a pre-motion conference in anticipation of its motion for reconsideration of the Order, insofar as the Court did not consider the DOE's $21,000 settlement offer made on August 13, 2021, when calculating the fees B.C. incurred in prosecuting the action in federal court.  Doc. 43.  On August 31, 2022, before a conference was scheduled, B.C. appealed the Order and the Judgment to the Second Circuit Court of Appeals. Doc. 50.  On October 12, 2022, the case was remanded to the district court as per a case management order entered in *H.C., Individually, and on behalf of J.C. a child with a disability v. New York City Department of Education*, 21-1582, which provided that "appeals filed after May 24, 2022 that raise attorney fee issues will be held in abeyance or remanded to the district court for reconsideration in light of the Court of Appeals' determination of the tandem appeals."[1] Doc. 52 (the "Mandate").  On February 8, 2023, the parties were instructed to advise the Court within 48 hours of the Court of Appeals' decisions on the tandem appeals.  Doc. 53.

---

[1] The 15 tandem appeals all involve parents of disabled children who, represented by the Firm, successfully brought administrative actions against their respective local education agencies ("LEA").  The LEAs refused to pay the fees requested by the Firm on the ground that the fees were unreasonable.  As a result, the parents in these individual cases brought actions in federal court seeking attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B).  The Firm then updated the amount requested to include fees and costs in the federal action as well.  After evaluating the evidence presented by the parties, the district courts concluded that certain of the Firm's requests were unreasonable and awarded less in attorneys' fees than the parent requested.  The parents and the Firm appealed.  The general question presented before the Court of Appeals was whether the district court abused its discretion in awarding less in attorneys' fees and costs than requested.  *See H.C., Individually, and on behalf of J.C. a child with a disability v. New York City Department of Education*, 21-1582; *M.D., Individually, and on behalf of L.D. a child with a disability v. New York City Department of Education*, 21-1961; *J.R., Individually, and on behalf of J.B. a child with a disability v. New York City Department of Education*, 21-2130; *M.H., Individually, and on behalf of M.T. a child with a disability v. New York City Department of Education*, 21-2744; *A.G., Individually, and on behalf of R.P. a child with a disability v. New York City Department of Education*, 21-2848; *D.P., Individually, and on behalf of S.P. a child with a disability v. New York City Department of Education*, 22-259; *S.H., Individually, and on behalf of K.H. a child with a disability v. New York City Department of Education*, 22-290; *V.W., Individually, and on behalf of A.H. a child with a disability v. New York City Department of Education*, 22-315; *L.L., Individually, and on behalf of S.L. a child with a disability v. New York City Department of Education*, 22-422; *H.W., Individually, and on behalf of M.W. a child with a disability v. New York City Department of Education*, 22-568; *H.A., Individually, and on behalf of M.A. a child with a disability v. New York City Department of Education*, 22-586; *N.G.B., Individually, and on behalf of J.B. a child with a disability v. New York City Department of Education*, 22-772; *Board of Education of the Yorktown Central School District v. S.S., Individually, and on behalf of M.S., a minor, C.S., Individually, and on behalf of M.S., a minor*, 22-775; *A.W., Individually, and on behalf of E.D. a child with a disability v. New York City Department of Education*, 22-855; and *R.P., Individually, and on behalf of E.H.P. a child with a disability v. New York City Department of Education*, 22-977.

The Court granted DOE's motion for reconsideration in the instant case on March 1, 2023, and directed the parties to submit the calculation of attorneys' fees in the federal action prior to the August 13, 2021 settlement offer.  Doc. 54.  On March 2, 2023, B.C. amended her notice of appeal to include the Court's March 1, 2023 Order.  Doc. 55.  The DOE timely submitted its recalculation of the Firm's attorneys' fees in the federal action prior to August 13, 2021.  Doc. 56.  The DOE applied the hourly rate and 25% reduction outlined in the Order.  Doc. 41.  The Firm did not make a submission of recalculated attorneys' fees.

On March 31, 2023, the Court of Appeals issued an Amended Mandate again remanding the case for further proceedings following the Court of Appeal's determination in *H.C.* and the tandem appeals.  Doc. 58.  The Amended Mandate also stated that "following the district court's entry of final judgment either party could restore jurisdiction to the Court of Appeals by filing a letter stating that it seeks further appellate review."  *Id.*  On April 7, 2023, the Court ordered the DOE to pay B.C. $1,240.50 for attorneys' fees pursuant to the Court's March 1, 2023 Order. Doc. 59.

On June 23, 2023, B.C. informed the Court that, on June 21, 2023, the Court of Appeals issued its determination in *H.C.* and the tandem appeals.  Doc. 60.  The Court of Appeals held, *inter alia,* that:

- A district court awarding attorneys' fees under the lodestar approach may consider the complexity of the matter both when it considers the number of hours reasonably expended and when it considers the reasonable hourly rate;

- While a district court does not abuse its discretion when it adjusts excessive travel costs or fees that an attorney billed to a client, a district court abuses its discretion when it denies travel-related fees altogether.

*H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023).

3

Consequently, the Court of Appeals reversed the district court's denial of travel-related fees in *M.D., Individually, and on behalf of L.D. a child with a disability v. New York City Department of Education*, 21-196, and remanded for further proceedings.  For all other tandem cases, including the instant case, the Court of Appeals affirmed the judgments of the district courts.  Accordingly, B.C. advised that the Court need not take any action, but that she "also identified one or more issue(s) for appeal different from those in the tandem appeals [] which were not addressed by the Second Circuit's recent determination."  Thus, B.C. advised that the parties will plan to advise the Court "when the next appellate determination(s) issue(s)."  Doc. 60.

On August 7, 2023, B.C. requested an entry of final judgment, prompted by an Order issued by the Court of Appeals on August 2, 2023.  Doc. 61; *see also* Doc. 61-1 ("Court of Appeals Order").  The Court of Appeals Order advised that eighteen additional appeals raising issues similar to those determined in *H.C.*, including the instant case, were remanded to the district court for further proceedings following the issuance of a decision in *H.C.*  Doc. 61-1.  The mandates previously issued on October 12, 2022 and March 31, 2023 stated that following the district court's entry of final judgment either party could restore jurisdiction to the Court of Appeals by filing a letter stating that it seeks further appellate review.  *See* Docs. 52, 58.

The Clerk of the Court is respectfully directed to enter judgment pursuant to the

Court's April 7, 2023 Order, Doc. 59, and close the case.


It is SO ORDERED.

Dated:  August 15, 2023
        New York, New York

_____
        Edgardo Ramos, U.S.D.J.